Zani **ELEZOVSKI**, Gunera Elezovski, Nazmir Elezovski, Ferikana Elezovski, Petitioners,

v.

**SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, Director of United States Immigration Custom Enforcement, Alberto R. Gonzales,\* Attorney General, Respondents.**

No. 05–0450–ag.

United States Court of Appeals, Second Circuit.

July 13, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Jose L. DelCastillo, Hartford, CT, for Petitioners.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, Daniel A. Spector, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Lead Petitioner Zani Elezovski ("Elezovski"), on behalf of himself, his wife, and their two minor children (collectively, "petitioners"), all of whom are natives of the former Republic of Yugoslavia and citizens of Macedonia, petitions for review of an order of the BIA, affirming a decision of Immigration Judge ("IJ") Michael W. Straus. The IJ rejected the petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Where the BIA adopts the decision of the IJ and supplements the decision, as here, this Court reviews the decision of the IJ, as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005).

Applying these principles to this case, we are not confident that the IJ's adverse credibility determination was supported by substantial evidence. While we recognize that the point at which an implausibility finding "ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation' ... cannot be located with precision," the IJ's refusal to credit Elezovski's testimony that he was an ethnic Albanian may amount to sheer speculation. *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.2006); *see also Secaida–Rosales*, 331 F.3d at 309–10 (holding implausibility findings to be based on flawed reasoning). And the record appears to be devoid of evidence to contradict Elezovski's testimony that his family's name was originally "Elez" and that it was customary for all individuals born in Macedonia, whether ethnic Albanian or otherwise, to add "ski" to the end of their names. Moreover, the reason the IJ deemed Elezovski's testimony regarding the destruction of his father's house to be inconsistent is not plain from the record.

We nonetheless deny the petition for review. Assuming for these purposes that Elezovski's testimony was credible, an independent review of the record indicates that remand would be futile, because "the untainted evidence in support of the IJ's conclusion is so 'overwhelming' that there is no realistic possibility of a different result on remand." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006). Although a finding of past persecution creates a rebuttable presumption that there will be a well-founded fear of future persecution, the IJ and the BIA found that, in this case, the presumption had been rebutted because the Government demonstrated, by a preponderance of the evidence, that there has been a fundamental change of circumstances in Macedonia. *See* 8 C.F.R. § 1208.13(b)(1). The IJ observed that the current situation in Macedonia has changed dramatically for ethnic Albanians and supported that assertion with background materials suggesting that continuing violence relates more to criminal activity than ethnic tensions. The BIA relied on the State Department Country Report for Macedonia. That report indicates that Macedonia's new, democratically elected government has generally respected the human rights of its citizens and the constitution provides for the enhanced protection of the ethnic, cultural, linguistic, and religious identity of minorities. That report also indicates that an ethnic Albanian party won a majority of seats in a 2002 parliamentary election. The petitioners set forth no facts, either in their application or through testimony, to contradict the finding of changed country conditions. Elezovski's testimony that his brother, his four sisters, and his father-in-law remained in Macedonia, without harm, also supports the conclusion that he does not have a well-founded fear of persecution on account of his ethnicity and religion.

*See Melgar de Torres v. Reno*, 191 F.3d 307, 310 (2d Cir.1999).

To the extent that the petitioners seek to admit into evidence a more recent State Department Country Report, we decline to do so, because the report was not included in the record. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting scope of review to "the administrative record on which the order of removal is based"); *see also Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (noting well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal). We also decline to remand the case to the BIA to consider the more recent report, because there is not a significant change in content or gap in time between it and the report which was considered by the BIA. *Cf. Yang v. McElroy*, 277 F.3d 158, 163–64 (2d Cir.2002).

Because substantial evidence supports the IJ's determination, as supplemented by the BIA, that there was a fundamental change in country conditions, we affirm the denial of the petitioners' asylum and withholding claims. Additionally, we deem the petitioners to have abandoned any challenge to the IJ's denial of their claim for withholding of removal under the CAT and its implementing regulations, *see* 8 C.F.R. § 208.16(c) (2001), by failing to discuss this claim anywhere in their brief, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) (citing *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).